IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **LARRY JOHNSON**, <br><br> Plaintiff, <br><br> v. <br><br> **THOMAS BARRY BRENNEKE, JR.; GUARDIAN REAL ESTATE SERVICES; GUARDIAN MANAGEMENT; UPTOWN TOWER APARTMENTS; KELLY PAINE; and LISA SIMONSON**, <br><br> Defendants. | Case No. 3:21-cv-871-JR <br><br> **ORDER** |

**IMMERGUT, District Judge.**

      Before this Court is Plaintiff Larry Johnson's Motion for a Preliminary Injunction. ECF 5. Plaintiff, a resident of the Uptown Tower Apartments, seeks an order from this Court enjoining Defendant Lisa Simonson and the five other named Defendants from reassigning a parking space in the Uptown Tower Apartment garage to anyone other than Plaintiff. ECF 5 at 1. For the reasons that follow, Plaintiff's Motion for a Preliminary Injunction, ECF 5, is DENIED.

PAGE 1 – ORDER

**STANDARDS**

A plaintiff seeking a preliminary injunction generally must show that: (1) he or she is likely to succeed on the merits; (2) he or she is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in his or her favor; and (4) that an injunction is in the public interest. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). A preliminary injunction is an "extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Id.* at 22.

The Ninth Circuit applies a "sliding scale" approach in considering the factors outlined in *Winter*. A stronger showing of one element of the preliminary injunction test may offset a weaker showing of another. *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131–32 (9th Cir. 2011). Thus, "when the balance of hardships tips sharply in the plaintiff's favor, the plaintiff need demonstrate only 'serious questions going to the merits.'" *hiQ Labs, Inc. v. LinkedIn Corp.*, 938 F.3d 985, 992 (9th Cir. 2019) (quoting *All. for the Wild Rockies*, 632 F.3d at 1135). Additionally, when a plaintiff is proceeding pro se, courts must construe pleadings liberally and hold them to "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

**DISCUSSION**

Plaintiff has failed to meet his burden of establishing that he is entitled to a preliminary injunction.

First, Plaintiff has not demonstrated that he will suffer irreparable harm in the absence of an injunction. To establish the element of irreparable harm, the party seeking an injunction must "demonstrate that irreparable injury is *likely* in the absence of an injunction." *Winter*, 555 U.S. at 22 (emphasis in original). The Ninth Circuit has cautioned that "[s]peculative injury does not

constitute irreparable injury sufficient to warrant granting a preliminary injunction." *Caribbean Marine Servs. v. Baldrige*, 844 F.2d 668, 674 (9th Cir. 1988). Moreover, the plaintiff's requested relief must be tailored to remedy the specific harm alleged. *Lamb-Weston, Inc. v. McCain Foods, Ltd.*, 941 F.2d 970, 974 (9th Cir. 1991).

Here, Plaintiff claims he will suffer irreparable harm in the absence of an injunction because he is "set to lose the lobby parking space through hostile environment harassment." ECF 5 at 2. Plaintiff fails to identity how losing the parking space would cause him irreparable injury. Further, Defendants have submitted unrefuted evidence that Plaintiff was offered the parking space at issue in a letter from Defendant Simonson and that Plaintiff did not respond to the offer letter. ECF 9 at 2–3; ECF 9-1; ECF 9-2. Because Plaintiff has failed to demonstrate the specific harm injunctive relief would remedy, he has failed to establish that he will suffer irreparable harm in the absence of a preliminary injunction.

Plaintiff has also failed to demonstrate a likelihood of success on the merits. To establish a likelihood of success on the merits, the party seeking injunctive relief must produce some evidence in support of its claim along with its legal argument. *Coffman ex rel. Nat'l Labor Relations Bd. v. Queen of the Valley Med. Ctr.*, 895 F.3d 717, 725-26 (9th Cir. 2018). Plaintiff has not presented any evidence to support his claims and therefore he has failed to meet his burden to establish that he is likely to succeed on the merits.

Finally, Plaintiff has failed to present any evidence to show that the balance of equities tips in his favor or that the injunction he seeks is in the public interest.

## CONCLUSION

For the reasons stated above, Plaintiff's Motion for Preliminary Injunction, ECF 5, is DENIED.

**IT IS SO ORDERED.**

DATED this 22nd day of July, 2021.

/s/ Karin J. Immergut
Karin J. Immergut
United States District Judge

PAGE 4 – ORDER